IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS BELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:09-CV-1082-WKW [WO] |
| ) | |
| ELTON DEAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On January 26, 2011, Plaintiff Marcus Bell filed a motion for leave to amend the amended complaint outside of the time allotted by the scheduling order (Doc. # 39). Defendants filed a response in opposition (Doc. # 40) and included the Uniform Scheduling Order (Doc. # 34), as a supplementary exhibit (Doc. # 41). Mr. Bell then filed a reply (Doc. # 42). For the following reasons, the motion is due to be denied.

The procedural posture of this case is pertinent to the determination of whether Mr. Bell should be granted leave to amend. On November 25, 2009, Mr. Bell filed his original complaint (Doc. # 1). Following the court's May 4, 2010 order granting in part Defendants' motion to dismiss (Doc. #26), Mr. Bell was granted leave to amend and filed an amended complaint on May 17, 2010 (Doc. # 27 (Am. Compl.)). On July 27, 2010, the court issued a second order denying in part Defendants' motion to dismiss as to the official-capacity claims for injunctive relief and as to Defendants in their individual capacities (Doc. # 29), with the overall result that Mr. Bell's False Claims Act action survived in part. The court then entered a Uniform Scheduling Order on August 24, 2010 (Doc. # 34).

Mr. Bell argues that the liberal amendment standard of Federal Rule of Civil Procedure 15(a)(2) controls his motion for leave to amend. (Doc. # 39, at 1.) Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party who seeks to amend a pleading outside of the license of Rule 15(a)(1) may only do so with the court's leave. Rule 15(a)(2) commands that "[t]he court should freely give leave when justice so requires." That liberal amendment standard does not apply in this case because the Uniform Scheduling Order's September 27, 2010 deadline for amending the pleadings has long passed. (Doc. # 34, at § 4.) A party seeking to amend a pleading after the deadline established in the scheduling order "must show good cause why leave to amend the complaint should be granted." Fed. R. Civ. P. 16(b); *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007). To establish good cause under Rule 16(b), "the party seeking [leave of court] must have been diligent." *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008). The Rule 16(b) "good cause standard precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citations omitted).

Despite his reliance on the Rule 15(a)(2) standard, Mr. Bell's motion presents grounds upon which the court can analyze his diligence in meeting the good cause standard under Rule 16(b). Mr. Bell argues that leave should be granted because it was only upon his receipt of discovery documents from Defendants on January 7, 2011, that he realized that the Alabama State University Board of Trustees ("the Board") did not make the decision to terminate his employment, but instead that the Board voted retroactively to ratify the University President's decision to terminate him. (Doc. # 39, at 2.) Mr. Bell claims this is

a violation of Alabama law (Doc. # 39, at 2), and therefore seeks leave to amend the amended complaint's facts section and add a second claim under state law.  Defendants oppose Mr. Bell's motion on the grounds that Mr. Bell already amended his complaint on May 17, 2010, and that Mr. Bell and his counsel have had notice of this newly complained of action since between July 10, 2009, and March 19, 2010.  (Doc. # 40, at 2.)

Mr. Bell has failed to establish good cause for amending the amended complaint.  The Alabama State University President's July 10, 2009 letter put Mr. Bell on notice that his employment contract would not be renewed when it expired on September 30, 2009.  (Doc. # 40, Ex. 1.)  The President's letter plainly stated, "I write to inform you that your contract will not be renewed when it expires on September 30, 2009."  (Doc. # 40, Ex. 1.)  The letter also put Mr. Bell on notice that on September 24, 2008, the Board had modified the "ASU Non-Academic Staff Handbook" granting the President the power to terminate "employees-at-will," including Mr. Bell.  (Doc. # 40, Ex. 1.)  In his motion, Mr. Bell claims that, "[a]t the time [his] employment was terminated, he assumed that the Board of Trustees, as the governing authority of the University, had duly considered his employment with the University and taken action preceding his termination."  (Doc. # 39, at 2.)  Mr. Bell was allegedly terminated on September 30, 2009, after he had received the President's July 10, 2009 letter.  (Am. Compl. ¶ 16; Doc. # 42, at 1.)  On the basis of the plain language of the University President's letter concerning his termination and the previous change to the "ASU Non-Academic Staff Handbook," Mr. Bell had notice that his termination may not have been the result of a decision made by the Board.  In spite of this notice, Mr. Bell adopted a contrary assumption, held through January 2011, that he had in fact been terminated after

"Defendant Trustees subsequently voted to terminate Mr. Bell's employment" (Am. Compl. ¶ 16).  Given that Mr. Bell's delay in amending the pleadings was the result of his own assumption in the face of contrary notice from Defendants, Mr. Bell fails to demonstrate that he was sufficiently diligent in pursuing his claims to meet the good cause standard.

Accordingly, it is ORDERED that Mr. Bell's motion for leave to file a second amended complaint is DENIED.

DONE this 15th day of February, 2011.

                                      /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE